TERRELL, Justice.
In November, 1952, the City of North Miami brought suit to acquire title by condemnation to certain lots or lands needed for off-street parking. Appellant, who was plaintiff below, was party defendant to the condemnation suit and owned Lot 19 included in the lands to be condemned. Adjoining Lot 19 at the rear was a public square (Parcel 6) that was dedicated to public use which appellant claims it was entitled to have remain as such so as to be available for the uses and purposes for which dedicated, that appropriating it to public parking purposes deprived it of that use.
Motions to dismiss, including appellant’s, challenged the right of the city to condemn Parcel 6. The court denied said motions and found the taking to be for a public purpose and necessity. A pre-trial conference was held at which all parties were present and at the conclusion of which Lot 19 of appellant was dismissed from the condemnation proceeding and among other things, the court found that account of the dedication of Párcel 6 to public use, appellants were without reason to “contend that they will lose valuable interests, for which they should be compensated, by diversion of said parcels from the dedicated use to a public parking use. It is the rule of this court that such' interests are not compensable, and no award will be made therefor in these proceedings.” The final judgment repeated the foregoing finding and awarded appellant a substantial sum for other properties taken.
Appellant then brought this suit by way of injunction to restrain the city from going ahead .with its plans to establish the off-street parking area. Answers were filed and on final hearing the chancellor found the equities to be with the city and entered summary decree in its favor. This appeal is from the decree so entered.
We have examined, the record and the questions presented and we have reached the conclusion that the issues raised in this case were foreclosed by the judgment in the condemnation proceeding. - They were before the court and were considered in that case.
The final judgment in the eminent domain proceeding dated June 4, 1953, from *525 which no appeal was taken set’at rest the question which appellant attempts to raise in this proceeding."'' ’ ;
The decree appealed from is accordingly-affirmed.
Affirmed.
DREW, C. J., and SEBRING and ROBERTS, JJ., concur.